UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FRANCOIS                                          CIVIL ACTION


VERSUS                                            NO: 12-1965


JEFFERSON PARISH SHERIFF'S                        SECTION: J (3)
OFFICE ET AL.



ORDER

Before the Court is Plaintiff Annie Francois ("Ms. Francois")'s **Motion for Reconsideration (Rec. Doc. 39)** and Defendants' oppositions thereto **(Rec. Docs. 40, 41)**.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dept. of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment, including a judgment on a motion to dismiss, as a Rule 59(e) motion to alter or amend. Fed. R. Civ. P. 59(e); St. Paul Mercury Ins. Co. v. Fairgrounds Corp., 123 F.3d 336, 339 (5th Cir. 1997); Sawhney v. TD Ameritrade, Inc., 2010 WL 5057413, at *1 (E.D. La. Dec. 2, 2010). Reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion for reconsideration calls into question the correctness of a judgment

1

and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." Voisin v. Tetra Technologies, Inc., 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. Schiller, 342 F.3d at 567;

<u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant case, Ms. Francois has not cited to any intervening change in the law since this Court's February 21, 2013 Order (Rec. Doc. 36) and its corresponding February 25, 2013 Judgment (Rec. Doc. 37). Furthermore, Ms. Francois has not pointed to any newly discovered evidence previously unavailable to it, nor has she clearly established either a manifest error of law or fact. Accordingly,

**IT IS ORDERED** that Ms. Francois' motion is **DENIED.**

New Orleans, Louisiana this 3rd day of April, 2013.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE